IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TRACEY KNOX, )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>ALLSTATE VEHICLE AND PROPERTY )<br>INSURANCE CORPORATION, )<br> )<br>　　Defendant. ) | No. 2:24-cv-02184-SHL-tmp |

**ORDER CONDITIONALLY GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

Before the Court are Plaintiff Tracey Knox's Motion for Voluntary Nonsuit without Prejudice (ECF No. 15), filed May 8, 2024, and Defendant Allstate Vehicle and Property Insurance Corporation's ("Allstate") response (ECF No. 16), filed May 13, 2024. Knox's motion for nonsuit is construed as a motion for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). For the following reasons, Knox's motion is **GRANTED IN PART** and **DENIED IN PART**, subject to the conditions described below.

## BACKGROUND

Allstate removed this case to federal court on March 21, 2024 (ECF No. 1), after Knox originally filed a complaint in Shelby County Circuit Court on December 29, 2023 (id. at PageID 1; ECF No. 1-1 at PageID 8). The action concerns a property insurance policy that allegedly covered damage from a fire at Knox's 3929 Wesley Forest Place, Memphis, TN residence in November 2021. (ECF No. 1-1 at PageID 11.)

Knox asserts that each Party's adjuster had different estimates of the damage caused by the fire, and she therefore requests the appointment of an umpire to resolve the difference. (ECF No. 1-1 at PageID 12–13.) She argues that a breach of the property insurance contract resulted

in compensatory and punitive damages of at least forty million dollars. (ECF No. 1-1 at PageID 14.) However, the insurance policy had limits of $197,579 for dwelling protection and $118,548 for personal property protection. (ECF No. 10-1 at PageID 43.)

An umpire has now been selected. (ECF No. 16 at PageID 106.) The policy limits "for the structure, contents, and debris removal" have also been paid. (ECF No. 16 at PageID 106.) The only remaining claim concerns living expenses. (Id. at PageID 108.) Knox seeks a dismissal of the case without prejudice (ECF No. 15 at PageID 100), but Allstate argues that any dismissal by Plaintiff should be with prejudice (ECF No. 16 at PageID 105).

## ANALYSIS

Voluntary dismissals are governed by Fed. R. Civ. P. 41(a), which allows for dismissal of an action by the plaintiff if certain conditions are present, pursuant to Rule 41(a)(1), or by court order, pursuant to Rule 41(a)(2). Plaintiff did not move for voluntary dismissal prior to Defendant's answer (see ECF No. 10), and the Parties have not stipulated to dismissal, so Rule 41(a)(2) governs here. Thus, to voluntarily dismiss this matter, Plaintiff requires a court order, which may be granted "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In other words, dismissal is within the Court's discretion under Rule 41(a)(2),.

"The primary purpose of Rule 41(a)(2)'s requirement of a court order is to protect the nonmovant from unfair treatment." Walther v. Fla. Tile, Inc., 776 F. App'x 310, 315 (6th Cir. 2019) (citing Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)). A court evaluates whether a defendant "would suffer plain legal prejudice as a result of dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit," by considering a nonexclusive list of factors to assess legal prejudice, including (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in

2

prosecuting the action; (3) whether plaintiff's explanation for the need to take a dismissal is insufficient, and (4) whether a motion for summary judgment has been filed by the defendant. Id. (quoting Grover, 33 F.3d at 718). "The [Grover] factors are simply a guide for the trial judge, in whom the discretion ultimately rests." Rosenthal v. Bridgestone/Firestone, Inc., 217 F. App'x 498, 502 (6th Cir. 2007) (internal citation omitted).

Knox argues that Allstate will not suffer legal prejudice if the case is dismissed without prejudice because the action is still in its nascent stages without trial preparation and Allstate has not filed a summary judgment motion. (ECF No. 15-1 at PageID 102–03.) Knox also states that she has not delayed prosecuting the action because a motion to compel has not been filed against her. (Id. at PageID 103.) She seeks dismissal because the "claims that appear unresolved against Allstate are small compared to the claims that appear to be present against non-diverse parties." (Id.)

Allstate argues it would suffer plain legal prejudice if this action was dismissed without prejudice. (ECF No. 16 at PageID 106.) It believes that the only remaining viable claim, if any, concerns "additional living expense payments that stopped only after Plaintiff informed Defendant she no longer needed it." (Id.) Allstate avers that it has already incurred legal expenses for an action that it believes should never have been filed in the first place. (Id. at PageID 107–08.) While Allstate requests a dismissal of the action with prejudice, in the alternative it requests a dismissal of the claims involving the appraisal and umpire appointment with prejudice, and a dismissal of the claims regarding living expenses without prejudice. (Id. at PageID 108.)

When considering the Grover factors, Allstate's efforts and expenses in litigating this case have been somewhat minimal so far, important discovery and substantive motion deadlines

have yet to occur (see ECF No. 14), and neither Party has delayed in their efforts to litigate the case. Furthermore, a motion for summary judgment is not pending. Those factors all weigh in Knox's favor.

However, Knox's explanation for dismissing the action without prejudice is insufficient. Knox seeks dismissal because "claims that appear unresolved against Allstate are small compared to the claims that appear to be present against non-diverse parties." (ECF No. 15-1 at PageID 103.) In the scheduling conference, Knox acknowledged to the Court that the proceeds for damage to the structure have already been paid and that there are no longer any disputes about coverage for the structure or the contents within the home. The only remaining claim concerns living expenses that Knox allegedly paid out of pocket. Knox's counsel stated in the scheduling conference that those expenses are somewhere between $6,000 and $10,000, an amount well below the amount-in-controversy requirement in federal court. Allstate reiterated in its response that most of the claims from the complaint have been resolved, including the selection of an umpire and the payment of property insurance proceeds. (ECF No. 16 at PageID 106.)

Because the Parties agreed in the scheduling conference that much of the case has already been resolved and that the only remaining claim is small, conditions on this dismissal are appropriate. A court's determination of the conditions to impose must be "guided by the purpose of the rule—'to protect the nonmovant … from unfair treatment.'" PGT Trucking, Inc. v. Jones, No. 15-1032, 2015 WL 4094265, at *7 (W.D. Tenn. July 7, 2015) (quoting Jones v. W. Reserve Transit Auth., 455 F. App'x 640, 643 (6th Cir. 2012)). "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." Bridgeport Music, Inc. v. Universal-

MCA Music Pub., Inc., 583 F.3d 948, 954 (6th Cir. 2009).  These terms are non-appealable unless a plaintiff has "suffered 'legal prejudice' from the conditions imposed by the district court and has not acquiesced in those conditions." Duffy v. Ford Motor Co., 218 F.3d 623, 627 (6th Cir. 2000).

## CONCLUSION

Thus, Knox's motion is **GRANTED IN PART** and **DENIED IN PART**, subject to conditions.  Knox's claims concerning the appraisal process and umpire appointment are **DISMISSED WITH PREJUDICE**.  Claims regarding living expenses, however, are **DISMISSED WITHOUT PREJUDICE**.

Knox is **ORDERED** to respond within fourteen days of the entry of this Order either accepting the conditions imposed by the Court or withdrawing her Motion for Voluntary Dismissal.  If no timely response is received, the Court will assume that these conditions have been accepted and will dismiss this matter under these terms.

**IT IS SO ORDERED,** this 28th day of June, 2024.

        s/ Sheryl H. Lipman
        SHERYL H. LIPMAN
        CHIEF UNITED STATES DISTRICT JUDGE